UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Steven Ivey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 13-cv-00576 (APM) |
| | ) | |
| Arne Duncan, Secretary, | ) | |
| United States Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

The court has conducted a *de novo* review of Magistrate Judge Kay's Report and Recommendation issued on August 14, 2014. *See* Report and Recommendation, ECF No. 20 [hereinafter R&R]; *see Gardill v. District of Columbia*, 930 F. Supp. 2d 35, 41 (D.D.C. 2013) (setting forth *de novo* standard of review). It has also considered Plaintiff Steven Ivey's Objections to Judge Kay's Report and Recommendation, *see* Pl.'s Objections, ECF No. 21, as well as Defendant Arne Duncan's responses to Plaintiff's Objections, *see* Def.'s Resp., ECF No. 25.

In reviewing a magistrate judge's report and recommendation, the district court may decide to accept, reject, or modify the recommendations therein. 28 U.S.C. § 636(b)(1)(C). Having reviewed the record in its entirety in this matter, the court accepts Judge Kay's Report and Recommendation and overrules Plaintiff's objections.

The court agrees with Judge Kay's legal conclusions as to the United States' sovereign immunity in this matter. *See* R&R at 7 (finding a limited waiver of immunity under the Privacy Act); *id.* at 7-8 (finding a waiver of immunity as to claims for non-injunctive relief under the Higher Education Act); *id.* at 8 (finding a limited waiver of immunity under the Administrative

Procedure Act); *id.* (holding that there was no waiver of sovereign immunity where, as here, Plaintiff has made "vague references" to purportedly unconstitutional conduct). The court also agrees with Judge Kay's legal conclusions that to the extent Plaintiff has brought a claim: (1) under the Privacy Act, he has failed to exhaust administrative remedies, *id.* at 9-11; (2) under the Administrative Procedure Act, he has an adequate remedy at law under the Privacy Act, *id.* at 11; and (3) under the Higher Education Act, that statue does not afford him a private right of action, *id.* at 11-12.

Plaintiff's objections to the Report and Recommendation are overruled. First, Plaintiff objects to Judge Kay's finding that he failed to exhaust administrative remedies under the Privacy Act, and he urges the court to permit discovery on that issue. Pl.'s Objections at 1-2, 4. This court agrees with Judge Kay's finding that Defendant carried its burden of both pleading and proving Plaintiff's failure to exhaust. *See* R&R at 10 (citing Declaration of Valerie Sherrer, ECF No. 13-1); *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997) (placing the burden on the defendant to show administrative exhaustion); *Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 104 (D.D.C. 2009) (applying *Bowden* to Privacy Act claim). With Defendant having met its burden, the burden shifted to Plaintiff to "plead[ ] and prov[ ] facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437; *Ramstack*, 607 F. Supp. 2d at 104 (quoting *Bowden*). Plaintiff failed to carry his burden here. He offered no *evidence* showing that he followed the U.S. Department of Education's procedures for correcting records under the Privacy Act. *See* R&R at 10; Def.'s Objections at 2. His conclusory assertion that he "included and cited writings for 3 years prior to the filing of the present civil action wherein he attempted to have the issues resolved," *id.* at 4, is not enough to meet his *evidentiary* burden.

Second, Plaintiff argues that sovereign immunity does not permit Defendant to "escape [his] duty" under the Higher Education Act to correct and produce student loan records. *Id.* at 2-3. But the Act states otherwise on its face. It provides that the Secretary of Education may "be sued" but "no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Secretary." 20 U.S.C. § 1082(a)(2). Plaintiff's request that Defendant correct and produce student loan records is one for injunctive relief. Therefore, it is expressly barred by statute. *See Am. Ass'n of Cosmetology Sch. v. Riley*, 170 F.3d 1250, 1253-54 (9th Cir. 1999) (holding that suit for declaratory relief is barred under section 1082(a)(2)'s anti-injunction provision); *Green v. United States*, 163 F. Supp. 2d 593, 597 (W.D.N.C. 2000) (holding that suit to bar debt collection is barred under the Higher Education Act); *Bond v. Dep't of Educ.*, No. 4:14-cv-0013, 2014 WL 4093343, at * 4 (holding that the Department of Education "enjoys sovereign immunity from suits seeking injunctive relief" under the Higher Education Act).

Third, Plaintiff contends that the dismissal of his claims under both the Privacy Act and the Administrative Procedure Act (APA) results in a "contradiction." Pl.'s Objections at 4. There is no contradiction. A claim under the APA is limited to review of final agency action "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Here, because the Privacy Act provides an adequate remedy, Plaintiff cannot advance a claim under the APA. *See Tripp v. Dep't of Defense*, 193 F. Supp. 2d 229, 238 (D.D.C. 2002) (holding that "plaintiff can not [sic] bring an independent APA claim predicated on Privacy Act violation"). And Plaintiff's Privacy Act claim is barred because, as discussed above, he failed to exhaust his administrative remedies. There is no contradiction between these two conclusions.

Fourth, Plaintiff contends that his "claims are not specific to the [Higher Education Act] in all claims presented or those that have emerged during the mediation hearings. Thus, dismissal of

the complaint based solely on this criteria would be improper." Pl.'s Objections at 5. Plaintiff's precise objection is unclear. To the extent that he contends new claims "emerged during the mediation hearings," such claims, if they exist, are not before the court because he has not amended his complaint to include them. Furthermore, to the extent he contests Judge Kay's conclusion that the Higher Education Act does not provide a private cause of action, he is wrong. *See* R&R at 12 (citing cases).

Finally, Plaintiff seeks a transfer to an unspecified state court. Pl.'s Objections at 6. The court lacks the power to transfer Plaintiff's claims to a state court. *See* 28 U.S.C. § 1631; *Kier Bros. Invs. Inc. v. White*, 943 F. Supp. 1, 4 (D.D.C. 1996) (recognizing that section 1631 only permits transfer to other federal courts).

A separate Order accompanies this memorandum opinion.

Dated: April 13, 2016

Amit P. Mehta
United States District Judge